United States District Court
Southern District of Texas
ENTERED
SEP 15 1998
Michael N. Milby, Clerk of Court
By Deputy Clerk

United States District Court
Southern District of Texas
FILED
SEP · 1998
Michael N. Milby, Clerk of Court

# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| FRANK WILLIAMS, <br> Plaintiff, | § § § | |
| VS. | § § | CIVIL ACTION NO. B-97-116 |
| MICHAEL POP, INDIVIDUALLY AND AS PROGRAM DIRECTOR OF JOVENES UNIDOS, TREATMENT FACILITY, CAMERON COUNTY HOUSING AUTHORITY AND JOVENES UNIDOS TREATMENT FACILITY <br> Defendant. | § § § § § § § § | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending before the Court is a Motion for Summary Judgment (Docket No. 9) filed by all Defendants. The Plaintiff, Frank Williams ("Williams") has filed a response (Docket No. 11) and the Defendants have responded and have moved to strike evidence presented by Williams. (Docket No. 13).

## WILLIAMS' CONTENTIONS

In his Original Petition filed in state court[1] (Docket No. 1) Williams contends that he is a Chemical Dependence Counselor who was hired by Jovenes Unidos on September 4, 1994. The Director of Jovenes Unidos was Michael Pop ("Pop"). In his Original Petition, Williams never explains why Cameron County Housing Authority is a party. However, in their Original Answer

---

[1] This case was removed on the grounds that Williams' claims involved First Amendment issues. Williams never filed a Motion to Remand. Although jurisdictional issues should be raised *sua sponte*, this Judge has elected, in the Report and Recommendation context, to address the merits of the case.

(Docket No. 1), the Defendants allege that Jovenes Unidos is an administrative program of the Cameron County Housing Authority. Williams never disputes this allegation.

Williams claims that he was forced to resign on April 20, 1995, from his position as Counselor. His general statement of his claim reads as follows (Plaintiff's Original Petition paragraph IV-Docket 1):

1. Plaintiff was a Licenses [sic] Chemical Dependence Counselor ("LCDC") on probation at the time he was hired by Jovenes Unidos Treatment Facility.

2. Plaintiff was employed on or about September 1, 1994.

3. Plaintiff noticed several occurrences that were questionable as to the legality and professionalism of staff.

4. Plaintiff questioned his supervisor and the Director Defendant, MICHAEL POP, as to the hiring of an unlicensed counselor to counsel clients.

5. Plaintiff questioned the billing procedures which billed the state for professional counseling time for time allotted for billing procedure.

6. Plaintiff became the target of employees complaints as to his attitude without cause.

7. Plaintiff became the target of rumors as to his previous employment.

8. Plaintiff requested anonymously to Texas Commission of Alcohol and Drug Abuse (TCADA) that they review the billing procedures which were illegal.

9. Defendant, MICHAEL POP, placed Plaintiff on probation based on false allegations of sexual harassment by two female employees.

10. Defendant, MICHAEL POP, accused Plaintiff of other alleged misdeeds.

11. Plaintiff resigned under pressure from Defendant, MICHAEL POP, and the other employees.

12. On or about August 24, 1996[2], Defendant, MICHAEL POP, sent correspondence to

---

[2] This date is wrong. Pop's letter (Defendants' Motion for Summary Judgment Exhibit D-Docket No. 9) is dated August 24, 1995.

2

       J.C. Swain, Director of Counselor Licensing Division for TCADA alleging a possible violation of ethical standards by Plaintiff. Defendant claimed to have evidence that verified that Plaintiff was engaging in conduct that was regarded as harassing and retaliatory.

13.    On or about November 25, 1995, Defendant, MICHAEL POP, sent correspondence to J.D. DeLoach at TCADA to file a formal complaint against Plaintiff concerning the alleged sexual harassment complaints. Defendant, MICHAEL POP, also alleged that Plaintiff was the source of allegations against Jovenes Unidos and Defendant himself as to misappropriate [sic] use of state funds.

He seeks damages for wrongful termination. He claims he is a "Whistleblower". He also seeks relief for breach of contract and breach of the implied covenants of good faith and fair dealing. He also claims that he is entitled to damages for infliction of emotional distress.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

In their Motion for Summary Judgment (Docket No. 9), Defendants address Williams claims seriatim:

### Whistleblower Claim

Williams argues that he is entitled to damages as a "Whistleblower". Although he never cites the statute under which this relief is sought, Defendants point out in their Motion that the Tex Gov't Code § 554.002 states that a state agency or local government may not fire an employee who in good faith reports a violation of law to an appropriate law enforcement agency. Tex. Gov't Code § 554.005 requires that suit be brought within ninety days of the occurrence complained of or when it could have been discovered by the exercise of reasonable diligence.[3]

Williams resigned from his position with the Housing Authority on April 20, 1995. His State Court Petition was filed on April 18, 1997.

---

[3]    The "Whistleblower" statute was amended in 1995. The amendments which became effective June 1, 1995, do not effect the issues raised by the Defendants.

3

Defendants also argue that Williams failed to notify "...an appropriate law enforcement authority." as required by the Whistleblower Act. They have submitted an affidavit (Exhibit 3 to the Defendants' Motion for Summary Judgment) from George Fegan, the Manager of Investigations for the Texas Commission on Alcohol & Drug Abuse pointing out that their are no complaints about the Jovenes Unidos treatment facility filed between September 1, 1994 and June 1, 1995.

### Breach of Contract Claim

Defendants point out that Williams admitted that he did not have a written contract of employment and that he was an employee at will. Williams also admitted during his deposition that he had submitted a letter of resignation. They argue that as an employee at will, Williams could be terminated at any time. *Montgomery County Hospital District v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998).

The Defendants further point out that Williams claim that he was discharged because of his "Whistleblower" activities must fail because it is time barred.

### Breach of Implied Covenants of Good Faith and Fair Dealing

The Defendants point out that the Texas Supreme Court in recent cases has refused to recognize such a cause of action in employment cases. *Smithkline Beecham Corp. v. Doe*, 903 S.W.2d 347, 356 (Tex. 1995); *Winters v. Houston Chronicle Publishing Company*, 795 S.W.2d 723, 724 footnote 2 (Tex. 1990).

### Intentional Infliction of Emotional Distress

Defendants' argue that for Williams to succeed in a claim for intentional infliction of emotional distress, he must meet the test set forth in *Blankenship v. Kerr Co.*, 878 F.2d 893 (5th Cir.

1989).[4] Williams would have to show that the Defendants actions were intentional and extreme. He would also have to show that the Defendants' actions caused him severe emotional distress.

The Defendants claim that any statement made by Pop is privileged and that Pop is protected by the doctrine of qualified immunity.

## RECOMMENDATION

It is recommended that Defendants Motion for Summary Judgment be granted and this case dismissed.

In his response to the argument that the ninety day limitation period in the "Whistleblower" statute bars his claim, Williams states that the ninety day period started to run when he, through the exercise of due diligence, should have discovered that he was terminated for making complaints about improper activity. The problem with this argument is that the summary judgment evidence does not support it. It is true that Tex. Gov't Code § 554.005 has a "discovered or by the exercise of reasonable diligence could have discovered" standard.

A complete review of this file and the exhibits attached as summary judgment evidence does not support Williams contention that he was discharged in retaliation for making complaints. In fact the complaints he made are outlined in the "Memorandum to Close" (Exhibit 7 to Williams Response to Motion for Summary Judgment -Docket No. 11) all took place after his resignation.

Williams breach of contract claim is also without merit. There is no summary judgment proof that Williams was anything other than an employee at will. The Supreme Court of Texas has

---

[4] In *Blankenship,* the Fifth Circuit "jumped the gun" by holding that Texas law recognized the tort of intentional infliction of emotional distress. In fact, the Texas Supreme Court did not place its imprimatur on that tort until 1993, Twyman v. Twyman, 855 S.W.2d 619 (Tex. 1993).

5

addressed the issue of general statements concerning continued employment in the case of *Montgomery County Hospital District v. Brown,* 965 S.W.2d 501, 502 (Tex. 1998). The teaching of that case is that general statements concerning future employment are not enough to obviate the employment at will doctrine.

Likewise, Williams points to no facts which come remotely close to supporting a claim for intentional infliction of emotional distress. Separating the wheat from the chaff in this case reveals that at worst Williams was pushed into resigning by Pop rather than answer claims of sexual harassment.

Even if those claims were false, under Texas law the conduct of Pop does not rise to the outrageous level required to support a claim for intentional infliction of emotional distress. The Texas Supreme Court has held that accusing an employee of being a thief is not enough to support a claim for intentional infliction of emotional distress. *Diamond Shamrock Ref. & Mktg. Co. v. Mendez,* 844 S.W.2d 198, 201-202 (Tex. 1992). *See Wornick Company v. Casas,* 856 S.W.2d 732, 733 (Tex. 1993) for elements which constitute intentional infliction of emotional distress.

Williams argues that he is entitled for damages for breach of the covenant of good faith and fair dealing. The problem with that argument is that Texas does not recognize this cause of action in employment cases *Smithkline Beecham Corp. v. Doe,* 903 S.W.2d 347, 356 (Tex. 1995).

IT IS THEREFORE **RECOMMENDED** that Defendants' Motion for Summary Judgment be **GRANTED** and that this case be **DISMISSED.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the

unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE at Brownsville, Texas, this 15th day of September 1998.

John Wm. Black
United States Magistrate Judge

7